# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

**FILED**

June 10, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C. C. A. NO. 02C01-9810-CC-00326 |
| | ) | |
| vs. | ) | HARDIN COUNTY |
| | ) | |
| **EARL RAY LEGANS,** | ) | No. 7518 |
| | ) | |
| Appellant. | ) | |

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of his probation. On May 8, 1997, the appellant pled guilty to robbery and theft of property and received concurrent four and three year sentences. The trial court ordered supervised probation after the appellant served six months continuous confinement. On September 17, 1998, the appellant's supervised probation was revoked.

After a hearing, the trial court found that the appellant violated the terms and conditions of his probation by 1) failing to report to his probation officer, 2) changing residences without notifying his probation officer, and 3) failing to report new arrests for assault. The appellant and his probation officer testified at the hearing.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains

no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

On appeal, the appellant contends only that the trial court abused its discretion in revoking his probation. He argues that "if he had another chance he would be able to conform his conduct to the rules of probation." Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action. The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the state.

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE

2